

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. R. I. Bledsoe
County Attorney
Presidio County
Marfa, Texas

Dear Sir:

Opinion No. O-998
Re: Holding two offices - Article 16,
Section 40, Texas Constitution -
County commissioner and county
school trustee.

Your request for opinion upon the following question:

"May one person serve as county commissioner and as county school trustee?"

has been received by this office.

Article 16, Section 40, Texas Constitution, reads as follows:

"No person shall hold or exercise, at the same time, more than one civil office of emolument, except that of justice of peace, county commissioner, notary public and post master, officer of the National Guard, the National Guard Reserve and the Officers Reserve Corps of the United States and enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States, and Retired Officers of the United States Army, Navy and Marine Corps and Retired War Officers, and Retired Enlisted Men of the United States Army, Navy and Marine Corps, unless otherwise especially provided herein. Provided, that nothing in this Constitution shall be construed to prohibit an officer or enlisted man of the



National Guard and the National Guard Re-
serve, or an officer of the Officers Re-
serve Corps of the United States or an en-
listed man in the Organized Reserves of the
United States; or retired officers of the
United States Army, Navy, and Marine Corps
and retired Warrant officers and retired
enlisted men of the United States Army, Navy,
and Marine Corps from holding in conjunction
with such office any other office or position
of honor, trust or profit, under this state
or the United States, or from voting at any
election; general, special or primary in this
state when otherwise qualified. (Section 40,
Article 16, adopted election November 8, 1932.)"

If a person is elected or appointed to fill two
inconsistent offices, his qualification of the second oper-
ates in law as a resignation of the first office for which
he qualified, which thereby becomes vacant. State vs.
Brinkerhoff, 66 Tex. Reports 45, 17 W 109; Ex Parte Call,
2 Cr. R. 497.

In the case of Thomas et al vs. Abernathy County
Line Independent School District, 290 SW 152, the court
held that one person could not hold both offices of school
trustee and alderman of the city, even though the office
of school trustee was not an office of emolument, as the
duties of the two offices were incompatible one to the other.

Article 2676, Revised Civil Statutes of Texas,
provides for the election of five county school trustees
elected from the county, one of whom shall be elected from
the county at large by the qualified voters of the common
and consolidated independent school districts of the county
and one from each commissioner's precinct by the qualified
voters of each commissioner's precinct, etc. Article 2677,
Revised Civil Statutes of Texas, provides that the com-
missioners' court shall canvass the results of such elec-
tion. Article 2687, Revised Civil Statutes of Texas, pro-
vides that each county school trustee shall be paid three
dollars per day, but not exceeding thirty-six dollars in
any one year, for the time spent in attending meetings, out
of the General Fund of the county by warrant drawn on order



Hon. R. Y. Bledsoe, Page 3

of the commissioners' court after approval of the account, properly sworn to, by the president of the county school trustees. Article 3686, Revised Civil Statutes of Texas, provides that all appeals from the decision of the county superintendent of public instruction shall lie to the county board of school trustees, etc.

Articles 2785, 2806, 2741 2742b, 2688, 2825, 2828, 2785, 2787, 2746a, 2677 and other articles, of the Revised Civil Statutes of Texas deal with the various relations of the commissioners' court to the school systems of the county.

On May 8th, A. D. 1929, this department held in an opinion written by Hon. Anthony Maniscalco, Assistant Attorney General, that one person should not hold the offices of county commissioner and school trustee, as these offices were incompatible and that the acceptance of the second office was a resignation of the first.

Therefore, you are respectfully advised that it is the opinion of this department that one person may not legally serve as county commissioner and as county school trustee at the same time.

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED
OPINION
COMMITTEE
BY ____
CHAIRMAN

WJF:AW

APPROVED JUN 26, 1939

ATTORNEY GENERAL OF TEXAS